UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　　Defendant. | Case No. 17-cv-03562-JCS<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>Re: Dkt. No. 27 |

## I.　INTRODUCTION

Lawrence Rohlfing ("counsel"), who represented L.M. in this matter under a contingency fee agreement, brings a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), seeking an award of $18,000.00 in attorney fees for work before this Court. For the reasons stated below, the Motion is GRANTED.[1]

## II.　BACKGROUND

L.M. entered into a contingent fee agreement with counsel providing that counsel would be awarded 25% of all past-due benefits L.M. received as a result of this action, Motion, Ex. 1. L.M. initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying their Application for a period of disability and disability insurance benefits under Title II of the Social Security Act. On July 27, 2018, after Plaintiff had filed a motion for summary judgment but before the Commissioner had filed a cross-motion for summary judgment, the Court approved the parties' stipulation to voluntarily remand the case to the Commissioner. On remand, the Commissioner granted L.M.'s application for

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1  benefits and awarded approximately $176,704.00 in past due benefits, withholding $44,176.00 to
2  cover a potential fee award by the Court.
3        On September 27, 2018, the Court approved a stipulated award of fees in the amount of
4  $2,100 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  In the Motion,
5  Rohlfing requests a fee of $18,000.00 under the contingency fee contract and 42 U.S.C. § 406(b),
6  noting in the Motion that if his request for fees under Section 406(b) is granted, the fees awarded
7  pursuant to the EAJA stipulation would be paid to L.M.  The requested amount constitutes 10.2%
8  of the past benefits awarded to Plaintiff.  Rohlfing has offered time records showing that the total
9  attorney and paralegal time spent on the case was 12.29 hours (8.39 hours of attorney time and 3.9
10  hours of paralegal time). Motion Ex. 3.
11        Counsel argues that his request is reasonable under *Gisbrecht v. Barnhart*, 535 U.S. 789,
12  122 (2002) because L.M. entered into a valid contingent fee agreement with Counsel and that
13  agreement required Counsel to assume the risk that he would receive no compensation for the time
14  spent representing L.M in this action if L.M. did not prevail.  He further asserts that the amount he
15  requests in fees would not be a windfall.  The Commissioner has filed a response suggesting the
16  amount counsel seeks would constitute a windfall because the effective hourly rate (which the
17  Commissioner calculates using only the attorney time spent on the case) would be $2,145.41
18  ($18,000 ÷8.39 hours). Counsel responds in his reply brief that courts calculate the effective
19  hourly rate based on the time spent on the case by *both* attorneys and paralegals and that the actual
20  effective hourly rate obtained using that approach ($1,475) is within the range of what courts have
21  found to be reasonable.

22  **III.    ANALYSIS**
23        The scheme established by Congress for attorney fee awards in cases involving social
24  security claims is described by the Supreme Court as follows:

25  > Fees for representation of individuals claiming Social Security old-
26  > age, survivor, or disability benefits, both at the administrative level
27  > and in court, are governed by prescriptions Congress originated in
28  > 1965. Social Security Amendments of 1965, 79 Stat. 403, as
> amended, 42 U.S.C. § 406. . . . The statute deals with the
> administrative and judicial review stages discretely: § 406(a) governs
> fees for representation in administrative proceedings; § 406(b)

controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht*, 535 U.S. at 793–94. Subsection 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency fee arrangements," noting that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

In addition to the fees permitted under § 406(b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's

3

1  past-due Social Security benefits in this manner: Fee awards may be made under both
2  prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller
3  fee.'" 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)).
4  Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the
5  point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

6        The Court finds Counsel's request to be reasonable under *Gisbrecht*. First, Counsel has
7  presented a valid contingent fee agreement. Second, he has supplied timesheets documenting
8  hours worked, which the Court finds to be reasonable. Third, there is no evidence that Counsel's
9  work was substandard or that the fee award is disproportionate to the amount of work on the case.

10       The Court further finds that the effective hourly rate is within the range of what courts
11 have approved in recent years. In considering the effective hourly rate as a measure of
12 reasonableness, it is not uncommon for courts to calculate that rate based on the total number of
13 attorney and paralegal hours. *See , e.g., Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009)
14 (concurrence and dissent) (observing that rates approved by the majority opinion "translate into
15 hourly rates, for the time of both attorneys and paralegals, of $519 in *Washington*, $875 in
16 *Crawford*, and $902 in *Trejo*."); *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL
17 1112080, at *2 (S.D. Cal. Mar. 11, 2019), on reconsideration, No. 16-CV-29-BTM-BLM, 2019
18 WL 2330895 (S.D. Cal. May 30, 2019) (calculating effective hourly rate using combined time of
19 attorneys and paralegals); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2
20 (C.D. Cal. Sept. 20, 2016) (same). By that measure, the effective hourly rate in this case was
21 $1,475.

22       Some courts have considered the effective rate obtained using all timekeepers' time and
23 *also* the rate obtained using only attorney time spent on the case. *See, e.g., J.P. v. Kijakazi*, No.
24 22-CV-00947-VKD, 2023 WL 7026928, at *2 (N.D. Cal. Oct. 25, 2023) (Observing that "[i]f all
25 timekeepers are counted, [the] requested hourly rate is $1,500 [and if] only the 3.1 hours of
26 attorney time is considered, the requested hourly rate exceeds $3,000" and finding that these rates
27 "are also not out of line with what other courts in this district have approved."). Considering only
28 the attorney time spent on this action, the effective hourly rate is $2,145.

4

Under either method of calculating the effective hourly rate, the Court finds that these rates, while high, are not outside of the range of what has been approved by this Court. Therefore, the Court finds that the fees requested by counsel are reasonable under *Gisbrecht*.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. Counsel is awarded $18,000 in fees. The EAJA fees previously awarded to counsel in this case, in the amount of $2,100, shall paid to L.M.

**IT IS SO ORDERED.**

Dated: November 2, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge